UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Daniel Ray Setliff, | ) | C/A No. 4:14-2583-RMG-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | *on Motion for Temporary Restraining Order* |
| | ) | *and Requested Injunctive Relief* |
| Ben Fountain; | ) | |
| David Fountain; | ) | |
| Fountain Enterprises LLC, d/b/a | ) | |
| Spring Branch Mobile Home Park, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Daniel Ray Setliff ("Plaintiff"), proceeding pro se, brought this action alleging violations of the Fair Housing Act ("FHA"), 42 U.S.C. § 3605,[1] in connection with an eviction proceeding pending in Florence County Magistrate Court by Ben Fountain, David Fountain, and Fountain Enterprises LLC, d/b/a Spring Branch Mobile Home Park ("Defendants"). In the state-court proceeding, Defendants seek to evict Plaintiff and his wife from the trailer park where they live in Florence County, South Carolina. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review pretrial matters in cases

---

[1] Congress enacted the FHA in 1968, making it illegal to discriminate, in housing practices, on the basis of race or national origin. *See* 42 U.S.C. §§ 3601-3619. Congress amended the Act so as to extend protection of the FHA to include people with disabilities. 42 U.S.C. § 3604(f). Under the FHA it is unlawful:

> To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of—
> (A) that person; or
> (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or
> (C) any person associated with that person.

involving pro se litigants and submit findings and recommendations to the district court. Upon initial review, the court authorized service of Plaintiff's Amended Complaint and Plaintiff's Motion for Temporary Restraining Order ("TRO"), ECF No. 16. *See* ECF No. 20.

This matter is now before the court on Plaintiff's Motion for a TRO ("Motion"). Plaintiff's Motion primarily consists of a repetition of the allegations contained in Plaintiff's Complaint, ECF No. 1, and in his Amended Complaint, ECF No. 22. Plaintiff's pleadings disclose that an eviction action filed by Defendants is currently pending against him in Florence County Magistrate's Court ("State Court Action"),[2] and that Plaintiff contends that the reasons for eviction given by Defendants in the eviction action are a pretext intended to cover illegal discrimination against Plaintiff and his wife, both of whom are alleged in the Complaint to be disabled. Mot. 3, ECF No. 16; Am. Compl. 5, ECF No. 22. Plaintiff states that he has also filed a complaint with the federal Department of Housing and Urban Development ("HUD"), which was turned over for investigation by the South Carolina Human Affairs Commission ("SHAC"); however, he does not provide the court with the results of that investigation other to state that "the state investigator requested that the local court hold in abayence [sic] any action on the eviction proceeding" and "[t]he magistrate continued these proceeding until August 5, 2014." ECF No. 16 at 4; *see supra* n.2 (case now continued until Sept. 4, 2014). For relief, Plaintiff asks this court to "issue a temporary restraining order to keep the defendants from evicting the plaintiffs until the matter of this complaint be adjudicated." ECF No. 16 at 4. On August 22,

---

42 U.S.C. § 3604 (f)(2).

[2] Case no. 2014CV2110101475. On-line Florence County court records disclose that the next hearing in the case is scheduled for September 4, 2014. *See* http://publicindex.sccourts.org/Florence/PublicIndex/CaseDetails.aspx?County=21&CourtAgency=21101&Casenum=2014CV2110101475&CaseType=V (last consulted August 26, 2014).

2014, Defendants, then appearing pro se,[3] submitted a Response to the Motion. ECF No. 29. Defendants argue the merits of the underlying eviction process and allege that they are not pursuing eviction proceedings against Plaintiff and his wife for discriminatory reasons. *Id.*

The Fourth Circuit Court of Appeals has held that "preliminary injunctions [4] are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001) (internal citations and quotation marks omitted). The United States Supreme Court has stated that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). A plaintiff does not have an automatic right to a preliminary injunction, and such relief should be used sparingly. The primary purpose of injunctive relief is to preserve the status quo pending a resolution on the merits.

Liberally construed, as pro se pleadings must be, *see Hughes v. Rowe*, 449 U.S. 5, 10 (1980); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990), Plaintiff's allegations disclose that he believes Defendants are illegally trying to evict him and his wife from their home because of their disabilities and not for the reasons they set forth in the pending State Court Action concerning eviction. In responding to special interrogatories the court propounded to Plaintiff, ECF No. 12, Plaintiff acknowledges that he has not raised the FHA

---

[3] On August 25, 2014, counsel appeared for Defendants and filed an answer to the Amended Complaint. Answer, ECF No. 33.

[4] The standard for granting a TRO and a preliminary injunction are the same. *See Z-Man Fishing Prods. v. Renosky*, 790 F. Supp. 2d 418, 425 (D.S.C. 2011).

claim that he raises in this case as a defense of the eviction action in the state court, ECF No. 14. He does acknowledge, however, that he has been in contact with a federal agency regarding his claims of discriminatory eviction, and that a SHAC investigator has had some interaction with the parties and the state court resulting in at least one continuance of the eviction proceedings. ECF No. 16 at 4. Nowhere in his pleadings or Motion does Plaintiff state that he has been prevented from asserting the FHA as a defense in the State Court Action. In the Motion for a TRO, Plaintiff does not state that his fear of discriminatory eviction is irreparable, nor does he allege any public interest that might be served should his request for a TRO be granted in this case. Although Plaintiff's failure to set forth the required showing to be considered when contemplating a TRO is problematic, the court need not focus unnecessarily on such shortcomings given the established unwillingness of federal courts to become involved in pending state court actions.

Rather than focus on the TRO/preliminary injunction analysis, the undersigned considers the potential jurisdictional implications of considering the pending TRO Motion in view of abstention doctrines derived from *Younger v. Harris*, 401 U.S. 37 (1971), and its progeny.[5] *Cf. Ward v. Simpers*, Civil Action No. RDB-07-3266, 2008 WL 2271486, at *3 (D. Md. May 29, 2008) (finding *Younger* required dismissal of complaint seeking injunctive relief in deference to state regulatory proceeding, thereby making detailed analysis of motion for preliminary injunction unnecessary as it would be "purely hypothetical"). In *Younger*, the United States Supreme Court held that a federal court should not interfere with ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*,

---

[5] Although the parties have not addressed abstention, the court may raise the issue sua sponte. *See, e.g., Briggman v. Va. Dep't Soc. Servs.,* 526 F. Supp. 2d 590, 604 n.4 (W.D. Va. 2007)

4

75 F.3d 881, 903 (4th Cir. 1996). *Younger* abstention applies "as well 'to noncriminal judicial proceedings when important state interests are involved.'" *Harper v. Pub. Serv. Comm'n of W. Va.*, 396 F.3d 348, 351 (4th Cir. 2005). In this regard, federal courts have applied *Younger* in cases filed under the FHA, holding that eviction actions arising in the context of landlord and tenant relationships implicate "important state interests." *See, e.g.*, *Newell v. Rolling Hills Apartments*, 134 F. Supp. 2d 1026, 1036 (N.D. Iowa 2001); *Standifer v. Broadmoore Dev., Inc.*, No. 8:12CV176, 2012 WL 3647433, *3 (D. Neb. Aug. 23, 2012); *Boyer v. Scott Bros. Inv. Corp.*, No. 4:11CV1173 HEA, 2011 WL 3847412, *7 (E.D. Mo. Aug. 27, 2011). From *Younger* and its progeny, the Fourth Circuit Court of Appeals has derived the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden St. Bar Ass'n*, 457 U.S. 423, 432 (1982)); *see Broadnax v. Cannon*, No. 3:07-3092-MJP, 2008 WL 1805645, *1 (D.S.C. Apr 17, 2008) (applying *Younger* in a civil matter and discussing the requirements for abstention).

Here, there are ongoing state judicial proceedings among the same parties in the Florence County Magistrate Court. Those proceedings involve questions concerning the parties' landlord and tenant relationship, and those types of questions have been found to involve "important state interests." *See Newell*, 134 F. Supp. 2d at 103. The Magistrate Court case has not proceeded to judgment; the state courts have concurrent jurisdiction with federal court in FHA matters. *See* 42 U.S.C. § 3613(a)(1)(A) (state courts have concurrent jurisdiction of FHA actions); *Ohio Civil*

---

(citing *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976)).

5

*Rights Comm'n v. Dayton Christian Schs., Inc*., 477 U.S. 619, 628-29 (1986) (state court could consider sexual discrimination claim); *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975) ("where constitutional issues arise [in state court litigation], state court judges are fully competent to handle them subject to Supreme Court review."). Plaintiff has not alleged that he *cannot* raise his FHA claims in that court, only that he has not done so as of yet. ECF No. 14 (Pl.'s Answers to Ct.'s Special Interrogs. 1). Thus, nothing before the court shows any type of "bad faith" refusal of the state court to consider Plaintiff's FHA claim in connection with its consideration of Defendants' eviction action. *See Middlesex v. Garden St. Bar Ass'n,* 457 U.S. 423, 435 (1982) ("So long as the constitutional claims of [the parties] can be determined in the state proceedings and so long as there is no showing of bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain."). Accordingly, all of the all prongs of the *Martin Marietta* test are satisfied in this case insofar as Plaintiff's injunctive relief claims are concerned and this court should exercise *Younger* abstention regarding those claims.

While proceeding in state court to seek his requested injunctive relief (a judgment preventing eviction), Plaintiff will not lose the potential protection of the damages provisions of the FHA. Although this court cannot enjoin the state proceedings either directly or indirectly by order to one of the parties to cease litigating, this court may maintain jurisdiction over the damages claimed in Plaintiff's Amended Complaint pending the outcome of the complete State Court Action between the parties. *Younger* does not preclude Plaintiff from pursuing his FHA damages claim, but applicable law instructs federal courts faced with closely related, pending state-court actions to stay the damages claim pending conclusion of the state proceedings. *See*

*Kessler Inst. for Rehabilitation, Inc. v. Mayor & Council of Essex Falls,* 876 F. Supp. 641, 660 (D.N.J. 1995); *Newell*, 134 F. Supp. 2d at 1039-40. If Plaintiff is ultimately ordered evicted in state court and he continues to believe that the eviction was discriminatory, he can then return to this court for consideration of the FHA damages claim in this case. *See Kessler Inst. for Rehab*., 876 F. Supp. at 660 (federal court can consider arguments on stayed FHA damages claim "at some future date" after conclusion of state-court litigation).

This court cannot grant the injunctive relief that Plaintiff requests—an order from this court to Defendants telling them to either stay or voluntarily dismiss the pending State Court Action. Although Plaintiff's request is couched in terms of direct restraint on Defendants, the practical effect of an order requiring Defendants to either stay or dismiss their already pending state-court action would be an injunction against the state-court proceedings. Such an order would result in unwarranted federal intrusion into pending state-court litigation that involves important state interests and would violate the teachings of *Younger*. *See Boyer*, 2011 WL 3847412, *8 (collecting cases; federal court may not enjoin state eviction action unless "bad faith" refusal to apply federal housing statute is shown; *Younger* abstention applied to injunctive/declaratory claims; damage claim stayed pending outcome of state eviction). The Florence County Magistrate Court is the proper forum to consider Plaintiff's FHA claims, at least insofar as the injunctive relief requests are concerned, in Plaintiff's defense against Defendants' eviction action there.

Based on the foregoing, it is recommended that Plaintiff's Motion for Temporary Restraining Order, ECF No. 16, be *denied.* It is further recommended that the district court *partially dismiss* Plaintiff's Amended Complaint to the extent it seeks injunctive relief. *See* Am.

Compl., ECF No. 15. In the event the district court adopts this Report and Recommendation, the undersigned proposes the remaining portion of Plaintiff's Amended Complaint—seeking non-injunctive relief, including damages—be stayed pending the conclusion of the State Court Action and that counsel for Defendants be instructed to advise the court within 14 days of the conclusion of the State Court Action.

     IT IS SO RECOMMENDED.

August 26, 2014                                          Kaymani D. West
Florence, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a),(d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).